UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGOBERTO VERGARA,<br><br>    Petitioner<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>    Respondents. | Case No. 2:26-cv-00736-APG-DJA<br><br>**Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition**<br><br>[ECF Nos. 1, 1-1, 1-2] |

Petitioner Rigoberto Vergara, an immigration detainee who is challenging his ongoing federal detention since November 19, 2025, at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, a motion for leave to proceed *in forma pauperis* ("IFP), and a motion for appointment of counsel. ECF Nos. 1, 1-1, 1-2.  I find that good cause exists to grant the motion to proceed IFP and that the appointment of counsel is in the interests of justice.[1]  However, following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] I find that it suffers from a procedural defect; namely, Petitioner's only allegation is that he has been subject to prolonged detention.  As such, I defer ordering a response to the petition at this time.

I THEREFORE ORDER that the motion to proceed IFP (ECF No. 1) is granted.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

[2] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

I FURTHER ORDER that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition or (2) a motion to dismiss the petition. The Federal Public Defender shall effectuate service of the amended petition, if one is filed, on Respondents.

I FURTHER KINDLY ORDER that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The United States Attorneys' Office is not required to file a response to the petition at this time.

3. **SEND** a copy of the petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

4. **MAIL** a courtesy copy of the petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this Order to Ashley Hesman (Mattos's counsel) at ahesman@strucklove.com.

I FURTHER ORDER that the respondents shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the Court.[3] In the event of lawful deportation, Respondents' counsel must file a notice with the Court within 7 days from deportation.

Dated: March 13, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").