# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RIGOBERTO VERGARA,

    Petitioner

v.

REGGIE RADER, et al.,

    Respondents

Case No.: 2:26-cv-00736-APG-DJA

**Order (1) Granting Petitioner's Emergency Motion and (2) Ordering Supplemental Briefs**

[ECF No. 16]

Rigoberto Vergara is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 12-1 at 2.  He was paroled into the United States in October 2024. *Id.* at 3.  In November 2025, Vergara was arrested for domestic battery, coercion domestic violence with threat or use of physical force, and residential burglary constituting domestic violence. *Id.* at 3-4.  ICE took him into custody on November 19. *Id.*  An immigration judge (IJ) considered Vergara an "arriving alien" and determined that he did not have authority to grant Vergara bond. *Id.* at 9.

Vergara filed a petition for a writ of habeas corpus, seeking release from custody or, alternatively, a new bond hearing at which the government must prove through clear and convincing evidence that he is a danger to the community or a flight risk.  After Vergara filed his petition, an IJ ordered him removed to Cuba on April 27, 2026. ECF No. 15 at 6-13.  Vergara contends that he timely submitted his appeal documents to be mailed on May 13, 2026, but he has not provided a notice of appeal, and no appeal is reflected on his EOIR portal. *See EOIR Automated Case Info.*, EXEC. OFF. FOR IMMIGR. REV., https://acis.eoir.justice.gov/en (last visited June. 2, 2026).

On May 28, 2026, the government filed a notice of removal stating that Vergara was going to be moved to the staging facility in Alexandria, Louisiana on June 5, 2026, to effectuate his lawful removal. ECF No. 15.  The government did not attach travel documents showing that it is able to send him to Cuba once he is transferred to Louisiana.  More troubling, the government attached to its notice a Record of Persons Transferred showing Vergara will be transferred to Florence, Arizona, where noncitizens are often staged to be removed to Mexico. *Id.* at 4.  Vergara filed an emergency motion to enforce my prior order that prohibits transfer outside of the District except to effectuate lawful deportation. ECF No. 16.

To preserve the status quo while I decide Vergara's habeas corpus petition, I order that the government cannot transfer Vergara out of the District of Nevada until I find that (1) there is a final order of removal and (2) there are either travel documents to Cuba or proof that Vergara has been afforded due process before removing him to a third country.  I also order Vergara to produce evidence confirming his appeal.  Finally, I order both parties to file supplemental briefs regarding Vergara's parole status and the basis on which he received parole.

**I.      I GRANT VERGARA'S EMERGENCY MOTION.**

**A.  The government may not transfer Vergara out of the District of Nevada until it is clear that he may be lawfully deported.**

I previously ordered that the government "shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the Court." ECF No. 3. at 3.  Under 8 U.S.C. § 1231(a)(1), the 90-day removal period for a noncitizen "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement." *Johnson v.*

*Guzman Chavez*, 594 U.S. 523, 528 (2021) (quoting § 1231(a)(1)(B)). The government contends that it may lawfully remove Vergara and intends to transfer him to effectuate that removal. Vergara responds, without evidence, that he appealed his removal order so it is not final and attempting to remove him at this time is not lawful.

It is not yet clear that the removal order is administratively final because Vergara may have timely appealed. Additionally, no court has entered a stay of removal and Vergara has not been released from non-immigration detention or confinement. Therefore, Vergara may not be within the removal period and may not yet be legally removed. I order Vergara to produce evidence confirming his timely appeal so I can determine whether the removal order is final.

Further, even if the removal order is final, the government has not produced travel documents showing that it is able to effectuate Vergara's legal removal to Cuba. Additionally, there is no evidence that removal to a third country is lawful at this point. Therefore, it is not clear that transferring him to a staging facility in Louisiana or Arizona would further his lawful deportation. I grant Vergara's emergency motion and order the government not to transfer Vergara out of the District of Nevada until I determine that (1) there is a final order of removal and (2) there are either travel documents to Cuba or proof that Vergara has been afforded due process before removing him to a third country.

**B. The government may not remove Vergara to a third country such as Mexico without due process protections.**

The IJ ordered Vergara removed to Cuba. It appears that the government may be attempting to deport him to Mexico because it attached a Record of Persons Transferred showing it intends to transfer him to the staging facility in Florence, Arizona.

If the government attempts to remove Vergara to a third country such as Mexico after his removal order is final, it must comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *4 (D. Nev. Apr. 22, 2026) (collecting cases).  The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019).  Additionally, the government must ask Vergara whether he fears persecution or harm upon removal to the third country, and his response must be memorialized in a writing signed by Vergara. *Id.*  "If the noncitizen expresses a fear of persecution or harm, DHS must inform the noncitizen that he or she may seek asylum, withholding, and relief under the [Convention Against Torture (CAT)] by filing a motion to reopen with the immigration courts." *Id.*  Finally, the government must give Vergara "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.* at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d. 1124,1138 (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge").

## II.     I ORDER SUPPLEMENTAL BRIEFS TO GUIDE RESOLUTION OF THE HABEAS PETITION.

Vergara was paroled into the United States, but neither party states how or why he was paroled.  In an immigration context, there are different kinds of parole and different reasons that an alien may be placed on parole.  If the alien is detained under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2), the alien may be released on parole "for urgent humanitarian reasons or significant

public benefit" under § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Parole under § 1182(d)(5)(A) may also be extended to those who applied for asylum in advance under 8 C.F.R. § 212.5(f). *See Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025).  Additionally, some immigration programs offered by the Department of Homeland Security have authorized parole under § 1182(d)(5)(A) for aliens from certain countries, such as the CHNV Parole Programs. *See Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 65 (D.D.C. 2025); Implementation of a Parole Process for Cubans, 88 Fed. Reg. 1266, 1272 (Jan. 9, 2023) ("[S]ection 212(d)(5)(A) [(codified at 8 U.S.C. § 1185(d)(5)(A)] of the INA confers upon the Secretary of Homeland Security the discretionary authority to parole noncitizens . . . .").[1]  Alternatively, if the alien is paroled under § 1226(a), it may be a "conditional parole." *Jennings*, 583 U.S. at 288 (simplified).

The parties have not identified the statutory or regulatory basis for Vergara's parole.  I therefore order supplemental briefing to identify whether he was paroled under § 1182(d)(5)(A), § 1226(a), or some other authority.  That will guide resolution of the remaining issues.  If Vergara was paroled under § 1182(d)(5)(A), the parties must identify the basis for offering that kind of parole.  The parties should provide orders or other written documents, if any, showing how he was paroled.

## III.    CONCLUSION

I THEREFORE ORDER that Rigoberto Vergara's emergency motion to prohibit his transfer from the District of Nevada **(ECF No. 16) is GRANTED**.  The respondents may not transfer Vergara out of the District of Nevada until I find that (1) there is a final order of removal

---

[1] This is not an exhaustive list of pathways to § 1182(d)(5)(A) parole.

and (2) there are either travel documents to Cuba or proof that Vergara has been afforded due process before removing him to a third country.

I FURTHER ORDER Rigoberto Vergara to produce evidence confirming the appeal of his removal order by June 9, 2026.

I FURTHER ORDER that even after a final order of removal, the respondents are prohibited from removing Rigoberto Vergara to any third country, including Mexico, without providing him and his counsel adequate notice of intent to seek removal to a third country and due process in the form of a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

I FURTHER ORDER the parties to submit supplemental briefing, limited to five pages, on the statutory or regulatory basis for Vergara's parole per the following schedule: (1) simultaneous opening briefs are due June 9, 2026 and (2) simultaneous response briefs are due June 16, 2026.

DATED this 2nd day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

6