**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGOBERTO VERGARA,<br><br>    Petitioner<br><br>v.<br><br>REGGIE RADER, et al.,<br><br>    Respondents | Case No.: 2:26-cv-00736-APG-DJA<br><br>**Order (1) Requiring a Status Report and (2) Granting Petitioner's Request for Document Production** |

Rigoberto Vergara is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 12-1 at 2.  He arrived at the border and was determined to be potentially eligible for status under the Cuban Adjustment Act. *Id.* at 3-4.  His removal proceedings were terminated, and the parties agree he was likely paroled under 8 U.S.C. § 1182(d)(5)(A) in October 2024. *Id.* at 3; ECF Nos. 23 at 2; 24 at 3-4.  In November 2025, Vergara was arrested for domestic battery, coercion domestic violence with threat or use of physical force, and residential burglary constituting domestic violence. ECF No. 12-1 at 3-4. ICE took him into custody on November 19. *Id.*  An immigration judge (IJ) considered Vergara an "arriving alien" and determined that he did not have authority to grant Vergara bond. *Id.* at 9.

Vergara filed a petition for a writ of habeas corpus, seeking release from custody or, alternatively, a new bond hearing at which the government must prove through clear and convincing evidence that he is a danger to the community or a flight risk.  After Vergara filed his petition, an IJ ordered him removed to Cuba on April 27, 2026. ECF No. 15 at 6-13.  Vergara contends that he timely submitted his appeal documents to be mailed on May 13, 2026, before his May 27, 2026 deadline.  However, it seems there was a discrepancy in how he addressed the appeal or the certificate of service that led to the appeal not being docketed.  Vergara states that

he received a letter from the Office of the Principal Advisor informing him of this error and that he intends to move for the Board of Immigration Appeals (BIA) to accept refiling of his late appeal. He requests that I allow time for the BIA to rule on his motion, and he requests the respondents to produce documents relevant to his immigration proceedings.

I grant Vergara's request and order a status report on the progress of the BIA proceedings. I also grant his request for production of documents in the meantime.

**I.       I ORDER A STATUS REPORT ON THE BIA PROCEEDINGS.**

Under 8 U.S.C. § 1231(a)(1), the 90-day removal period for a noncitizen "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (quoting § 1231(a)(1)(B)). Vergara states that he timely appealed, but the BIA did not receive and docket the appeal before the deadline.[1] He intends to move for the BIA to accept his appeal nonetheless. I will therefore grant Vergara's request to allow time for the BIA to decide whether to hear his appeal, as the outcome will impact the outcome of his petition. I order Vergara to provide a status report that shows whether he has moved for the BIA to accept his appeal and if so, the progress of those BIA proceedings.

---

[1] The government argues that it is not clear that Vergara attempted to timely appeal, but Vergara states under penalty of perjury that he gave his appeal documents to a correctional officer to mail for him. ECF No. 24-1 at 2. Additionally, in light of the letter from the Office of the Principal Advisor that advises him of wrongly addressed documents, it appears that he did attempt to appeal and that his appeal was eventually received. *See* ECF No. 27 at 2.

## II.   I ORDER THE RESPONDENTS TO PRODUCE THE REQUESTED DOCUMENTS

Vergara states that he does not have many of the documents related to his immigration proceedings.  These documents may be relevant to the outcome of his petition.  These documents include: (1) form I-200 warrant for arrest of alien, (2) form I-286 initial custody determination, (3) the initial form I-862 notice to appear, (4) form I-589 application for asylum or withholding of removal, (5) all immigration court orders in Vergara's removal proceedings, if not already provided, and (6) transcripts and/or audio recordings of any custody determinations and hearings regarding humanitarian parole.  The respondents do not argue against producing these documents.  Consequently, I order the respondents to produce the requested documents.

## III.   CONCLUSION

I THEREFORE ORDER that Rigoberto Vergara's request to allow time for the BIA to rule on whether to take his appeal is GRANTED.  I order Vergara to file a status report by August 7, 2026 that (1) shows whether he has moved for the BIA to accept his appeal and if so, (2) the progress of those BIA proceedings.

I FURTHER ORDER the respondents to produce the documents requested by Vergara by July 27, 2026.

DATED this 5th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3