**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGOBERTO VERGARA,<br>Petitioner<br>v.<br>REGGIE RADER, et al.,<br>Respondents | Case No.: 2:26-cv-00736-APG-DJA<br>**Order Granting Amended Petition for a Writ of Habeas Corpus**<br>[ECF No. 7] |

Rigoberto Vergara is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 12-1 at 2. He arrived at the border and was determined to be potentially eligible for status under the Cuban Adjustment Act. *Id.* at 3-4. His removal proceedings were terminated, and the parties agree he was likely paroled under 8 U.S.C. § 1182(d)(5)(A) in October 2024. *Id.* at 3-4; ECF Nos. 23 at 2; 24 at 3-4. In November 2025, Vergara was arrested for domestic battery, coercion domestic violence with threat or use of physical force, and residential burglary constituting domestic violence. ECF No. 12-1 at 3-4. These charges are no longer pending and there is no evidence that Vergara was convicted. *Id.* at 4. ICE took him into custody on November 19, 2025. *Id.* An immigration judge (IJ) considered Vergara an "arriving alien" and determined that he did not have authority to grant Vergara bond. *Id.* at 9.

Vergara filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his release or a bond hearing before an IJ. ECF No. 7. He first argues that he was entitled to a bond hearing because he is detained under 8 U.S.C. § 1226(a). Second, he argues that his detention without a bond hearing violates his procedural due process rights under the Fifth Amendment. After Vergara filed his petition, an IJ ordered him removed to Cuba on April

27, 2026. ECF No. 15 at 6-13. Despite challenges in filing a timely appeal, the BIA accepted Vergara's appeal, which remains pending. ECF No. 30-1 at 3. The government opposes the petition. I previously ordered supplemental briefing to determine Vergara's parole status. ECF No. 17. I grant Vergara's amended petition and order his immediate release.

## I. PETITION FOR A WRIT OF HABEAS CORPUS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

### A. Vergara is detained under § 1226(a).

The first step is to determine which immigration statute governs Vergara's detention. *See Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) ("A noncitizen's place within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of

review process available to him if he wishes to contest the necessity of his detention." (quotation omitted)). The government argues that Vergara is lawfully detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Vergara argues § 1226(a) applies and thus he should get a bond hearing.

Because Vergara was detained within the interior of the United States and was not "seeking admission" when ICE detained him, he is detained under § 1226(a) and not § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424, at *3, 11 (9th Cir. July 30, 2026). Therefore, he has been entitled to an initial custody determination by an ICE officer and a bond hearing before an IJ. 8 C.F.R. §§ 236.1(c)(8), (d)(1).

Vergara's status as a noncitizen paroled under 8 U.S.C § 1182(d)(5)(A)[1] does not affect which statute governs his detention. *Luquez v. Blanche*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 4-5 (D. Nev. Aug. 15, 2026). The government cites to 8 C.F.R. § 1003.19(h)[2] to argue that IJs do not have the authority to give bond hearings to paroled noncitizens. I have held that § 1003.19(h)(2)(i)(B) does not preclude paroled noncitizens detained under § 1226(a) from receiving a bond hearing because the regulation implements § 1225(b)(2)(A). *Luquez*, at 6-7. Where § 1225(b) does not justify detention, its implementing regulation cannot, so § 1003.19(h)(2)(i)(B) does not preclude Vergara from receiving a bond hearing.

---

[1] Under 8 U.S.C. § 1182(d)(5)(A), the government may temporarily release applicants for admission into the country "for urgent humanitarian reasons or significant public benefit." But that parole "shall not be regarded as admission of the alien." 8 U.S.C. § 1182(d)(5)(A). When such parole is terminated, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

[2] Under 8 C.F.R. § 1003.19(h)(2)(i)(B), an IJ "may not redetermine conditions of custody imposed by" ICE "with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to [§ 1182(d)(5)(A)]."

**B. The proper remedy is release.**

The government has now wrongfully detained Vergara without a bond hearing for over nine months. He was detained after his criminal arrest, but no charges are pending, and the government has not shown that Vergara was convicted of any charge. Therefore, release, which is "the traditional remedy of habeas corpus," is appropriate. *Preiser*, 411 U.S. at 500.[3]

## II. CONCLUSION

I THEREFORE ORDER that Rigoberto Vergara's amended petition for a writ of habeas corpus **(ECF No. 7) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release Vergara from the custody of CoreCivic on Wednesday August 19, 2026 no later than 1:00 p.m. The respondents must transport Vergara to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Vergara's counsel of the estimated time of release for coordination purposes at least one hour before release.

I FURTHER ORDER that the respondents return all of Vergara's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Vergara during the pendency of this current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1).

I FURTHER ORDER that respondents are PERMANENTLY ENJOINED from denying Vergara the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

---

[3] I do not address Vergara's arguments about due process or whether his parole was not validly revoked because I order his release.

I FURTHER ORDER the clerk of court to close this case.

DATED this 18th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE